Margaret J. Grover (Bar No. 112701)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: mgrover@wendel.com

Attorneys for Defendant
GAMESTOP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGELENA BROUSSARD,<br><br>    Plaintiff,<br><br>vs.<br><br>GAMESTOP, INC.; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 5:16-cv-06075-EJD<br><br>**DECLARATION OF EVERETT B. "CHUCK" SMITH IN SUPPORT OF DEFENDANT GAMESTOP, INC.'S PETITION TO COMPEL ARBITRATION AND DISMISS OR STAY ACTION**<br><br>Date:       June 1, 2017<br>Time:       9:00 a.m.<br>**Courtroom: 4**<br>Judge:     Hon. Edward J. Davila |

I, Everett B. "Chuck" Smith, declare:

1.      I am the Vice President of Employee Relations & Field Human Resources/LP Operations for Defendant GameStop, Inc. I have served in this capacity since August 2011. I have been a Vice President with GameStop since 2006. In that capacity, I am familiar with GameStop's Human Resources policies and procedures, including procedures for maintaining personnel records. Except where stated on information and belief, I have personal knowledge of each of the following facts and, if called as a witness, could competently testify thereto.

2. GameStop introduced the "GameStop C.A.R.E.S. Rules of Dispute Resolution Including Arbitration" in September 2007. The C.A.R.E.S. acronym stands for "Concerned Associates Reaching Equitable Solutions."

3. GameStop C.A.R.E.S. is a multi-step dispute resolution procedure, culminating in binding arbitration before the American Arbitration Association.

4. Exhibit A to this Declaration is a true and correct copy of the 2009 GameStop Store Associate Handbook and GameStop C.A.R.E.S. Rules of Dispute Resolution including Arbitration. The GameStop C.A.R.E.S. Rules of Dispute Resolution were in effect at all times during Angelena Broussard's employment.

5. At all times during Angelena Broussard's employment, the GameStop Store Associate Handbook included a complete copy of the GameStop C.A.R.E.S. Rules of Dispute Resolution. The GameStop C.A.R.E.S. Rules of Dispute Resolution are set apart from the Employee Handbook with a bold title or a title page, and are separately numbered. To distinguish the C.A.R.E.S. Rules from the other pages of the Handbook, the legend "Rules" has been added before the page number of each page of the C.A.R.E.S. Rules.

6. Based upon my review of Angelena Broussard's personnel and payroll records, I am informed and believe that Ms. Broussard worked for GameStop, Inc. from October 2009 until August 2015.

7. During Ms. Broussard's employment, GameStop policy required that each new California associate receive a copy of the GameStop Store Associate handbook, including the GameStop C.A.R.E.S. Rules of Dispute Resolution, and sign an Acknowledgement and Receipt. It was GameStop's procedure to maintain the Acknowledgement and Receipt within the personnel records at the corporate headquarters.

8. Exhibit B to this Declaration is a true and correct copy of the Acknowledgement and Receipt of the Store Associate Handbook and GameStop C.A.R.E.S. Rules Including Arbitration that was maintained as part of GameStop's personnel records for Ms. Broussard.

9. In July 2013, GameStop began to maintain certain of its personnel records in electronic format.

10. In 2014, GameStop updated its Associate Handbook. At that time, several policies and procedures in the Associate Handbook were revised, but the GameStop C.A.R.E.S. Rules Including Arbitration were not changed.

11. GameStop required its employees to review the updated Associate Handbook and submit an electronic acknowledgement on the GameStop Human Resources Information System (HRIS) confirming their receipt of the updated Associate Handbook.

12. GameStop provided all GameStop employees with a GameStop username and a temporary password. The employee used this username and temporary password to log onto the GameStop HRIS. Immediately upon accessing the GameStop HRIS, the employee was required to create a new unique password. The GameStop HRIS would not allow an employee to use the system without entering the assigned username and temporary password and creating a new unique password. After the employee created his or her own password, the employee could only access that GameStop HRIS by entering the assigned username and the unique password.

13. Angelina Broussard accessed the GameStop HRIS by using her assigned name and password. At that time, Ms. Broussard created a new unique password that allowed her to continue use of the GameStop HRIS and to sign documents electronically. When Ms. Broussard signed a document electronically, the GameStop HRIS automatically recorded information, including the date of the signature and the text of the document that was signed using the electronic signature.

14. Exhibit C to this Declaration is a true and correct copy of a print out from GameStop's HRIS reflecting all of the documents that Ms. Broussard acknowledged and signed electronically during her employment with GameStop.

15. One of the documents that Angelena Broussard received was the 2014 GameStop Associate Handbook, which included the GameStop C.A.R.E.S. Rules including Arbitration.

16. The screen that presented the 2014 GameStop Associate Handbook stated:

> I acknowledge that I have received a copy of the Handbook and a copy of the GameStop C.A.R.E.S. Rules for Dispute Resolution. The Handbook summarizes certain information about Company policies, procedures, and practices. The GameStop C.A.R.E.S. Rules for Dispute Resolution set forth the Company's procedures for resolving disputes, ending in final and binding arbitration. I understand that it is my responsibility to read and familiarize myself with the information contained in both of these documents. I understand that my employment with the

Company is "at will," and that either I or the Company may end my employment at any time and for any reason. I agree that all disputes and claims covered by the GameStop C.A.R.E.S. Rules for Dispute Resolution will be resolved pursuant to such Rules rather than in court. This includes all legal, equitable, and statutory claims and all class, collective, or representative action claims in which I might be included, as described in the GameStop C.A.R.E.S. Rules for Dispute Resolution. I understand that at any time and for any reason, the Company may make changes to the Handbook, without prior notice, and that GameStop may make prospective changes to the GameStop C.A.R.E.S. Rules for Dispute Resolution by giving 30 calendar days' notice.

An employee can agree to this signature statement by checking a box labelled "I agree" immediately below this statement.

17. On July 4, 2014, Ms. Broussard clicked on the "I agree" box acknowledging receipt of the 2014 GameStop Associate Handbook, and accepting the GameStop C.A.R.E.S. Rules including Arbitration. The GameStop HRIS system recorded this event. (*See* Exhibit C to this Declaration).

18. In California, GameStop employees have the option to forgo the benefits of the GameStop C.A.R.E.S. Rules if they so choose. In order to opt out of the Rules, California employees must send notice to GameStop within sixty (60) days of the Effective Date of the program or, for employees hired after the Effective Date of the Rules, within sixty (60) days of the start of their employment, that they do not want to be covered by the Rules.

19. If any GameStop employee in California gives a notice that he or she does not want to be covered by the GameStop C.A.R.E.S. Rules, GameStop keeps a copy of that notice as part of the employee's personnel records. Ms. Broussard's personnel records contain no notice that she opted out of the GameStop C.A.R.E.S. Rules. Based on my review of Ms. Broussard's personnel records, I am informed and believe, and thereon allege, that Ms. Broussard did not opt out of the GameStop C.A.R.E.S. Rules.

20. I declare under penalty of perjury under the laws of the State of California that the foregoing is true.

Executed this 30th day of November 2016, in Grapevine, Texas.

_____
Everett B. "Chuck" Smith