UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGELENA BROUSSARD,<br><br>    Plaintiff,<br><br>    v.<br><br>GAMESTOP, INC.,<br><br>    Defendant. | Case No. 5:16-cv-06075-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 8 |

Defendant GameStop, Inc. moves to compel Plaintiff Angelina Broussard to arbitrate her claims. Because Broussard's claims fall within the scope of a valid arbitration agreement, GameStop's motion will be GRANTED.

Case No.: 5:16-cv-06075-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION
1

## I. BACKGROUND

GameStop hired Broussard in 2009. Pl.'s Opp'n to Def.'s Mot. to Compel Arbitration ("Opp'n") 1, Dkt. No. 9. GameStop operated a dispute-resolution program called "GameStop C.A.R.E.S." to arbitrate disputes between GameStop and its employees. Id.; Def.'s Mot. to Compel Arb. ("Mot.") 2, Dkt. No. 8. When she was hired, Broussard signed a document acknowledging that she had received the rules of the GameStop C.A.R.E.S. program. Opp'n 1–2; Mot. 2–3. She was given sixty days to opt out, but she did not do so. Mot. 3.

In 2014, GameStop updated its associate handbook but did not change the rules of the arbitration process. Mot. 2–3. Broussard acknowledged receipt of the updated handbook and again agreed to the GameStop C.A.R.E.S. rules. Id.

GameStop terminated Broussard's employment in August 2015. Opp'n 2. Broussard filed her complaint in this Court on October 20, 2016, bringing claims for (1) disability discrimination in violation of Cal. Gov't Code § 12940(a); (2) failure to engage in the interactive process in violation of Cal. Gov't Code § 12940(n); (3) failure to accommodate disability in violation of Cal. Gov't Code § 12940(m); (4) failure to prevent discrimination in violation of Cal. Gov't Code § 12940(k); (5) interference under the California Fair Employment and Housing Act in violation of Cal. Gov't Code § 12945.2; and (6) wrongful termination in violation of public policy. Compl. ¶¶ 29–114, Dkt. No. 1.

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the avoidance of any contract." 9 U.S.C. § 2 (2012). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (citing Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985)). A district court's role is limited to determining (1) whether the parties agreed to arbitrate and, if so, (2) whether the claims at issue are within the scope of that

Case No.: 5:16-cv-06075-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION
2

United States District Court
Northern District of California

1  agreement. Id. If the party seeking arbitration meets these two requirements, the court must

2  compel arbitration. 9 U.S.C. § 4; Chiron, 207 F.3d at 1130.

3      If a contract contains an arbitration clause, the clause is presumed to be valid. AT&T

4  Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986). "[A]ny doubts concerning

5  the scope of arbitrable issues should be resolved in favor of arbitration." Three Valleys Mun.

6  Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1139 (9th Cir. 1991). The party opposing

7  arbitration has the burden of showing that an arbitration clause is invalid or otherwise

8  unenforceable. Engalla v. Permanente Med. Grp., Inc., 15 Cal. 4th 951, 972 (1997).

9      Nonetheless, "arbitration is a matter of contract and a party cannot be required to submit to

10  arbitration any dispute which he has not agreed so to submit." AT&T, 475 U.S. at 648 (quoting

11  Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)). General contract law

12  principles govern the interpretation and enforcement of arbitration agreements. First Options of

13  Chicago v. Kaplan, 514 U.S. 938, 944 (1995).

## III. DISCUSSION

Broussard argues that GameStop's arbitration agreement is invalid because it is procedurally and substantively unconscionable. As discussed below, the Court finds that the agreement is valid.

### A. Procedural Unconscionability

Broussard argues that the agreement is procedurally unconscionable because GameStop gave her the relevant documents "without giving her the opportunity to review them." Opp'n 5. The agreement is "oppressive," she argues, because "GameStop never provided Broussard the GameStop C.A.R.E.S. arbitration program's terms and conditions prior to seeking her acknowledgement." Id. at 6.

However, Broussard signed a document in 2009 stating that she agreed to resolve disputes under GameStop C.A.R.E.S. instead of in court. Def.'s Reply in Support of Mot. to Compel Arb. ("Reply") 2, Dkt. No. 13 ("I am agreeing that all workplace disputes or claims, regardless of when those disputes or claims arose, will be resolved under the GameStop C.A.R.E.S. program rather

Case No.: 5:16-cv-06075-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION
3

than in court."). At the same time, Broussard also received a document summarizing the GameStop arbitration process. Id. at 2–3.

In 2014, Broussard renewed the arbitration agreement by signing a document that stated:

> I acknowledge that I have received a copy of the Handbook and a copy of the GameStop C.A.R.E.S. Rules for Dispute Resolution. . . . The GameStop C.A.R.E.S. Rules for Dispute Resolution set forth the Company's procedures for resolving disputes, ending in final and binding arbitration. I understand that it is my responsibility to read and familiarize myself with the information contained in both of these documents. . . . I agree that all disputes and claims covered by the GameStop C.A.R.E.S. Rules for Dispute Resolution will be resolved pursuant to such Rules rather than in court. This includes all legal, equitable, and statutory claims and all class, collective, or representative action claims in which I might be included, as described in the GameStop C.A.R.E.S. Rules for Dispute Resolution.

Id. at 3.

Broussard now argues that she "never received the rules of the GameStop C.A.R.E.S. program." Opp'n 1. But she does not explain why she stated in 2009 and 2014 that she had reviewed and agreed to the GameStop C.A.R.E.S. rules. GameStop notes that the relevant documents were available to her, and she acknowledged that she received them. Reply 3–4. With no evidence to the contrary, the Court finds that Broussard agreed to arbitrate her disputes with GameStop under the GameStop C.A.R.E.S. program.

Broussard also argues that the agreement is procedurally unconscionable because it was "imposed on a 'take it or leave it' basis." Opp'n 5. However, the agreement contained a provision that allowed Broussard to opt out of GameStop C.A.R.E.S. within 60 days of the start of her employment. Reply 4–5. As such, the Court finds that the agreement is not procedurally unconscionable. See Circuit City Stores, Inc. v. Ahmed, 283 F.3d 1198, 1199–1200. (9th Cir. 2002) (finding that an employer's arbitration agreement was not procedurally unconscionable where it provided employees with a 30-day period to opt out).

**B. Substantive Unconscionability**

First, Broussard argues that the agreement is substantively unconscionable because it is "unjustifiably one-sided." Opp'n 7. She argues that GameStop C.A.R.E.S. "compels arbitration of

Case No.: 5:16-cv-06075-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION
4

claims that are most likely to be brought by the employees against GameStop, such as discrimination, retaliation, personal injuries, breach of any express or implied contract, and other tort claims." Id. at 7. She further argues that the agreement "exempts claims that the employer is most likely to bring against its employees from arbitration." Id. However, she provides no additional detail about the types of claims that are exempt from arbitration. Nor does she explain why those exemptions render the agreement substantively unconscionable.

Second, Broussard argues that the agreement is substantively unconscionable because it requires the employee to pay a $125 fee to initiate arbitration. Id. As GameStop notes, however, Broussard is not required to pay this fee because she is an employee in California. Reply 7.

Third, Broussard argues that the agreement is substantively unconscionable because "some of the fees and costs" are recoverable only if the arbitrator "find[s] totally in [the employee's] favor." Opp'n 7. GameStop responds that this provision applies only to the $125 fee (which Broussard is not required to pay). As to awards of other fees and costs, "the arbitrator has the same authority as a judge to award reasonable attorneys' fees and other costs to [the employee]." Reply 8.

Fourth, Broussard argues that the agreement is substantively unconscionable because it requires an employee to file a Notice of Intent to Arbitrate within 95 days of receiving a Right-to-Sue letter (while California law allows a year to file a lawsuit). Opp'n 7. Broussard offers no explanation and cites no authority showing why this deadline is improper. Moreover, the GameStop C.A.R.E.S. rules make clear that the statute-of-limitations period is the same as it would be under applicable California law. Reply 8 ("The Notice of Intent to Arbitrate must be received within the time period allowed by law applicable to the Covered Claim at issue, just as the requirement applies if you were proceeding in court.").

Finally, Broussard argues that the agreement is substantively unconscionable because it requires employees to waive their right to pursue class or collective actions. Opp'n 8; see also Morris v. Ernst & Young, LLP, 834 F.3d 975 (9th Cir. 2016) (finding that a similar provision violated the National Labor Relations Act). This argument is not relevant because Broussard has

Case No.: 5:16-cv-06075-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION
5

not asserted claims on a class or collective basis; she seeks only to recover on her own behalf. Reply 9.

## IV. CONCLUSION

Broussard's claims are within the scope of the GameStop C.A.R.E.S. arbitration agreement. See Mot. 3 (citing language from the agreement stating that it applies to claims "arising out of or in any way relating to the employee's employment, the terms or conditions of employment, or an application for employment"). As such, GameStop's motion to compel arbitration is GRANTED and Broussard's complaint is dismissed. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: August 31, 2017

EDWARD J. DAVILA
United States District Judge